UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MICHAEL A. ABELS,

    Petitioner,

v.

RON VAN BOENING,

    Respondent.

CASE NO. C08-1118- RAJ-JPD

REPORT & RECOMMENDATION

Petitioner is a state prisoner who was convicted in 1982 of first-degree murder. The trial court imposed a maximum sentence of life imprisonment and petitioner's sentence has been under the jurisdiction of the Indeterminate Sentence Review Board ("ISRB"). He has filed a *pro se* petition for a writ habeas corpus pursuant to 28 U.S.C. § 2254, challenging action taken by the ISRB in 1990. (Dkt. No. 6). Respondent has filed a motion to dismiss, raising the statute of limitations as a bar to the court's consideration of the petition. (Dkt. No. 11). Petitioner has filed a response, which, it appears, he did not serve on respondent. (Dkt. No. 13). As discussed below, the Court concludes that it need not address the question of the timeliness of petitioner's habeas petition because the record reflects that petitioner currently has a personal restraint petition ("PRP") pending in the state court and therefore, the instant federal petition is premature.

A state prisoner seeking to file a petition for writ of habeas corpus in federal court must first complete his state appeal and any other proceedings available in state court, such as a writ of habeas

REPORT & RECOMMENDATION
PAGE 1

corpus. 28 U.S.C. § 2254(b) and (c). This is because "[s]tate courts should have the first opportunity to examine the lawfulness of a state prisoner's confinement. If the prisoner's claim is meritorious, and if the state remedy is prompt and complete, there is no need to bring post-conviction proceedings in federal courts." *Sherwood v. Tomkins*, 716 F.2d 632, 633 (9th Cir. 1983) (*citing Batchelor v. Cupp*, 693 F.2d 859, 862 (9th Cir. 1982)). Therefore, if a petitioner has a post-conviction proceeding still pending in state court, he cannot file in federal court. *See Sherwood*, 716 F.2d at 634; *see also Schnepp v. Oregon*, 333 F.2d 288 (9th Cir. 1964) (per curiam) (state remedies not exhausted if a state post-conviction proceeding is pending). Indeed, when a state court proceeding is pending, "a would-be habeas corpus petitioner must await the outcome of [the proceeding] before his state remedies are exhausted, even where the issue to be challenged in the writ of habeas corpus has been finally settled in the state courts." *Sherwood*, 716 F.2d at 634. This is because the state proceeding may result in the release of the petitioner, thereby mooting the federal question. *Id.*

The exhibits provided by respondent indicate that petitioner currently has a PRP pending in the Washington state court system.[1] (Dkt. No. 11, Ex. 45). In his PRP, petitioner requests that he be released from confinement. (*Id* at 5). If this relief is granted, the instant federal habeas petition would become moot. Since petitioner has a pending state action which may moot or otherwise affect his claims before this Court, the instant Petition must be dismissed.[2] *See* 28 U.S.C. § 2254(c); *Sherwood*, 716 F.2d at 634; *see also Schnepp*, 333 F.2d at 288; *Bell v. Pacholke*, Case No. C07-1936-RAJ (W.D. Wash., Order entered Feb. 5, 2008). A proposed Order reflecting this

---

[1] Although the Washington Court of Appeals dismissed this PRP, the Court's own research reveals that petitioner has filed a motion for discretionary review that is now pending before the Washington Supreme Court. *See In re Abels*, Case No. 824045 (Wash. S. Ct.). Thus, the PRP has not been finally resolved by the state court.

[2] Moreover, it does not appear that petitioner will be prejudiced by a dismissal of the instant action. In particular, the Court notes that the one-year statute of limitations period applicable to § 2254 habeas is tolled by statute while a "properly filed" application for habeas review is pending in state court. *See* 28 U.S.C. § 2244(d)(2); *see also Nino v. Galaza*, 183 F.3d 1003, 1004 (9th Cir. 1999).

REPORT & RECOMMENDATION
PAGE 2

1 | recommendation is attached.

2 | DATED this 8th day of December, 2008.

*[signature: James P. Donohue]*

JAMES P. DONOHUE
United States Magistrate Judge

REPORT & RECOMMENDATION
PAGE 3